JONAS STEELE v. McDANIEL WOOD and AMBROSE JONES.

*Action to Recover Land—Evidence--Declarations of Defendant.*

Where on the trial of an action to recover land, a question of disputed boundary arose, and the plaintiff introduced ( without objection ) certain declarations of the defendant made while he was engaged in chopping a certain line upon the land in dispute ; *Held*, that certain prior declarations of the defendant made while he was chopping said line were admissible in evidence on his behalf, although not made in the presence of plaintiff.

CIVIL ACTION, to recover Possession of Land tried at Fall Term, 1877, of SURRY Superior Court, before *Cox, J.*

This was a case of disputed boundary. The defendants' deed called for a chestnut ridge where it comes to Mitchell's river, including the waters of Southard's branch. There are two such ridges terminating on said river, about a half of a mile apart, and either would include said branch ; and the question submitted was,—which was the ridge called for by the deed. Several months before the action was brought, the defendants chopped a line between said ridges from the River across the plat. One witness, introduced by plaintiff, testified without objection that the defendants, whilst chopping the line, told him that they were establishing the line, and that it was the true line. The defendants then offered a witness to prove that just prior to the above conversation and whilst chopping the line, they told said witness that

they were chopping a compromise line. This evidence, on objection by plaintiff, was excluded, and the defendants make it the only exception in the case. Verdict for plaintiff. Judgment. Appeal by defendants.

*Messrs. Busbee & Busbee, J. W. Hinsdale,* and *G. B. Everitt,* for plaintiff.

*Messrs. Watson & Glenn,* for defendants cited 1 Greenl. on Ev. § 108 *et seq; Cabiness* v. *Martin,* 4 Dev. 106; *Hobbs* v. *Outlaw,* 6 Jones 174; *Bullinger* v. *Marshall,* 70 N. C. 520.

FAIRCLOTH, J. (After stating the case as above.) In this we think His Honor erred. The defendants could not introduce their acts and declarations in their favor, nor could they have been used by either party to fix the true line or corner. They were not offered for such purpose, but for some other,—probably to disparage the title of the plaintff to the disputed premises, or to convince the jury that his (plaintiff's) claim was not made *bona fide,* and to satisfy them by indirection that the defendants' theory was the true one. The plaintiff introduced the acts and declarations of the de fendants without objection. They were therefore heard by consent, and this being so, neither party after verdict could be heard to deny their competency. The act of chopping the line and a part of the explanation being before the jury, why should not the whole explanation be heard by them? The whole is necessary to give the true character and quality of the deed; and those declarations made at one period during the act, are as important as any others to show its true intent and meaning. All of said declarations constitute one explanation, and it is a wholesome rule, that where part of what a man says is used to charge him, he is entitled to the balance of what he said to discharge himself.

Error.

PER CURIAM. *Venire de novo.*